1 **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marco A. Madrueno, et al., | No. CV-09-1413-PHX-DGC |
| Plaintiffs, | **ORDER** |
| vs. | |
| Homecomings Financial Company, LLC, et al. | |
| Defendants. | |

Defendants Fairbanks Capital Corporation, US Bank, NA, Tiffany & Bosco, P.A., and Michael A. Bosco Jr. have filed a motion to dismiss Plaintiffs' first amended complaint and a request for attorneys' fees. Dkt. #31. Defendants Homecomings Financial Company, LLC, Residential Funding Company, LLC, and GMAC Mortgage, LLC have joined in the motion to dismiss.[1] Dkt. #32. Plaintiffs have filed a response.[2] Dkt. #35. For reasons that follow, the Court will grant the motion to dismiss and deny the request for attorneys' fees except as to Bosco.[3] Dkt. #31.

---

[1] In the joinder, "Residential Capital LLC" is listed as a Defendant who wishes to join in the motion to dismiss. That company, however, is not a Defendant listed in the first amended complaint. Dkt. #28 at 1-2.

[2] Plaintiffs filed two responses to the motion to dismiss. *See* Dkt. ##33, 35. The two responses are nearly identical, except that the second response contains an additional exhibit and some additional language in the caption. *Id.* Because the later-filed response contains additional information, the Court will assume that it was intended to be Plaintiffs' response. Dkt. #35.

[3] Defendants' request for oral argument is denied. The parties have fully briefed the issues and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors*

## I. Background.

In 2006, Plaintiff Marco A. Madrueno entered into an "InterestFirst Adjustable Rate Note" and a Deed of Trust concerning a home in Scottsdale, Arizona. Dkt. #31 at 2.[4] Homecomings was the original lender, but it assigned the Note and Deed to Residential Funding in late 2006. *Id.* at 2-3. Residential Funding later assigned the note to US Bank. *Id.* at 3. In August of 2007, Madrueno stopped making payments on the Note, and in October of 2007 Madrueno received a notice that Bosco had been appointed as Trustee and that a Trustee's Sale would occur in March of 2008. Dkt. #28-1 at 52-54.

Before the Trustee's Sale occurred, Madrueno filed an action in Arizona state court against Defendants Homecomings, Fairbanks, Bosco, Tiffany & Bosco, US Bank, and others who are not parties to this action. *See Madrueno v. Homecomings Financial, LLC*, CV2008-003830; Dkt. #15-1 at 2-10. Madrueno asserted claims for concealment, fraud, non-disclosure, and intentional infliction of emotional distress based on Madrueno's claim that the loan documents he signed when he purchased his house were actually "a negotiable instrument that required him to waive certain rights afforded by The Truth in Lending Act." Dkt. #15-1 at 4. The state court dismissed Defendants Bosco and Tiffany & Bosco on April 29, 2008. Dkt. #15-2 at 2. The state court dismissed Defendants Fairbanks and US Bank with prejudice on May 12, 2008. Dkt. #15-3 at 2.

In July of 2008, Plaintiff Priscilla Ann Hendrix, who was not a party to the Note or the Deed, filed an action in Arizona state court against Defendants Homecomings, Fairbanks, US Bank, Tiffany & Bosco, and Residential Funding LLC and others who are not parties to this action. *See Hendrix v. Homecomings Financial Network Inc.*, CV2008-017419; Dkt. #15-4 at 2-14. Hendrix alleged claims for fraud, conspiracy, and breach based on "[t]he Defendants [sic] failure to disclose to the Plaintiff, that she was not signing loan documents,

---

*Group, Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

[4] Citations to pages in the parties' filings will be to the page numbers applied by the Court's electronic docket at the top of each page.

but a negotiable instrument designed as a mortgage backed security instrument." Dkt. #15-4 at 4. On September 18, 2009, the state court dismissed Defendants Fairbanks, US Bank, and Tiffany & Bosco with prejudice. Dkt. #26-2 at 1-4.

Plaintiffs filed their complaint against Defendants in this Court on July 6, 2009, alleging numerous causes of action including fraudulent misrepresentation, negligence, civil conspiracy, intentional reckless acts, violation of the Fair Credit Reporting Act, and violation of numerous other federal statutes. Dkt. #1 at 1-46. Several Defendants filed a motion to dismiss which other Defendants joined, and which this Court granted on February 5, 2010. Dkt. #27. On February 5, 2010, this Court also dismissed several Defendants who had failed to respond to the complaint due to Plaintiffs' failure to prosecute. *Id.* The Court granted Plaintiffs leave to amend the complaint and warned Plaintiffs that "if the deficiencies in the Complaint described in the Motion to Dismiss are not resolved, [the] claims . . . will be dismissed with prejudice." *Id.* at 3 (citing *Ferdick v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

On February 15, 2010, Plaintiffs filed their first amended complaint, which alleges ten causes of action against Defendants. Dkt. #28. According to Plaintiffs, "[t]his case arises out of the Defendants' egregious, and far reaching fraudulent misrepresentation of material facts, false claims and statements purporting to claim an interest in, or a lien or encumbrance against, Plaintiffs [sic] subject real property." *Id.* at 3. Defendants Fairbanks, US Bank, Tiffany & Bosco, and Bosco have moved to dismiss all claims against them with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(6) and 41(b). Dkt. #31. They also ask the Court to grant them their attorneys' fees pursuant to Federal Rule of Civil Procedure 11 and A.R.S. § 33-807(E). Defendants Homecomings, Residential Funding, and GMAC Mortgage have joined in that motion, arguing that the "arguments advanced in the . . . Motion to Dismiss are equally applicable to the joining Defendants, with the exception of arguments made based upon co-Defendants' status as servicer of the subject loan or as Trustee under the subject Deed of Trust." Dkt. #32 at 1.

**II.     Motion to Dismiss.**

Defendants argue that the Court should dismiss all the claims against them with prejudice for the following reasons: (1) they are barred by the doctrine of res judicata, (2) the complaint fails to comply with Rule 8, 9, and 10, (3) the complaint fails to state a claim under Rule 12(b)(6), and (4) the claims against Bosco and Tiffany & Bosco are time-barred under A.R.S. § 33-807(E). The Court agrees that the complaint fails to state a claim under Rule 12(b)(6) and, as a result, will grant the motion as to all Defendants. The Court will consider Defendants' other arguments only to the extent necessary when examining the request for fees.

"To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Moreover, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (2007). Under Rule 8(d), "[e]ach allegation must be simple, concise, and direct," and complaints that are "verbose, confusing and conclusory" violate Rule 8. *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981).

Plaintiff's first amended complaint is 29 pages long and contains 131 pages of exhibits. It asserts the following causes of action against seven named Defendants: fraudulent misrepresentation, negligence, civil conspiracy, intentional reckless acts, violation of the Fair Credit Reporting Act, violation of 12 U.S.C. § 2601, et seq., 15 U.S.C. § 1601, et seq., and 12 C.F.R. § 226.18, violation of 15 U.S.C. § 1692(e), violation of the Fair Debt Collection Practices Act, unjust enrichment, and quiet title pursuant to A.R.S. § 12-1101.

Dkt. #28. It is unclear from the face of the complaint which of these allegations are brought against which Defendants, as Plaintiffs frequently refer to all Defendants collectively. Plaintiffs do name certain subgroups of Defendants in certain causes of action after the collective allegation against all Defendants, but it is still not clear which causes of action apply to which Defendants, particularly given that some Defendants are mentioned individually in certain claims while others are not. For these reasons, the Court simply cannot find that the complaint gives Defendants "fair notice of what the . . . claim[s] [are] and the grounds upon which [they] rest[]." *Twombly*, 550 U.S. at 555 (2007).

Moreover, the entire complaint is conclusory in nature and contains nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 129 S. Ct. at 1949. For instance, in the fraudulent misrepresentation count, Plaintiffs allege that Defendants "made a representation of a present or past fact" which they knew to be false, but fail to state what representation was made, when, by which Defendant, and why it was false or misleading. Dkt. #28 at 8-13. Similarly, in the negligence count, Plaintiffs allege generally that Defendants "owed the Plaintiffs a duty of care," but fail to allege facts that show why Defendants owe a duty of care, or to make more than conclusory statements that Defendants breached a duty. *Id.* at 13-15. Plaintiffs other eight claims are similarly conclusory. *See id.* at 15-17 (alleging conspiracy, but failing to provide facts sufficient to state a plausible claim); *id.* at 17-19 (alleging intentional infliction of emotional distress, but failing to explain what intentional acts each Defendant committed); *id.* at 20 (alleging violation of the Fair Credit Reporting Act but failing to specify which "negative information" each Defendant reported to the credit bureaus); *id.* at 20-22 (alleging violation of the Truth in Lending Act and the Real Estate Settlement Procedures Act, but failing to allege facts sufficient to state a plausible claim); *id.* at 22-23 (alleging violation of the Fair Debt Collection Practices Act, but failing to provide more than bare assertions that Defendants violated the Act without any factual support); *id.* at 23-24 (alleging unjust enrichment but failing to allege facts showing what acts each Defendant committed which caused an unjust enrichment); *id.* at 24 (alleging an action for quiet title by making a blanket statement explaining two Arizona statutes).

1 Given that Plaintiff has failed to meet the standards required by Rule 12(b)(6), *Iqbal*, and
2 *Twombly*, dismissal is appropriate in this case. *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th
3 Cir. 1996) (the complaint must set forth "who is being sued, for what relief, under what
4 theory, with enough detail to guide discovery").

**III. Dismissal With Prejudice.**

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Karim-Panahi*, 839 F.2d at 623. In making a determination whether to dismiss with prejudice, the Court should consider the following factors: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Eminence*, 316 F.3d at 1052. "Not all of the factors merit equal weight," and the Ninth Circuit has held that "consideration of prejudice to the opposing party . . . carries the greatest weight." *Id.*

The Court finds that dismissal with prejudice is appropriate. Plaintiffs filed two cases in Arizona state court based on the same facts and alleging similar causes of action. Both of the state complaints were dismissed. Plaintiffs then filed this action in federal court. After filing this action, Plaintiffs disregarded several court orders. Dkt. #27. The Court ultimately dismissed Plaintiffs' complaint with leave to amend, specifically warning them that "if the deficiencies in the Complaint described in the Motion to Dismiss are not resolved, [the] claims . . . will be dismissed with prejudice." *Id.* at 3 (citing *Ferdick v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). Plaintiffs amended their complaint, but, as shown above, did not resolve the deficiencies in their complaint. In addition to these lawsuits, one of the Plaintiffs filed for bankruptcy in the midst of this action, although Plaintiffs asserted that they both had filed bankruptcy. *See* Dkt. #19. The bankruptcy has also been dismissed. *In re Priscilla Ann Saladores*, No. 09-BK-20599-GEN (Bankr. D. Ariz. Mar. 9, 2010).

The Court is thus faced with at least four unsuccessful attempts to bring claims against

Defendants based on the financing and ultimate loss of Plaintiffs' home. The time has come to end this litigation. The prejudice to Defendants is great. They have been required to defend themselves in three separate actions and against four different complaints, all arising from the same operative facts. Plaintiffs have had several chances to amend their complaint and yet have failed to state a claim on which relief can be granted. The Court therefore cannot find that the complaint could be saved by amendment. *Eminence*, 316 F.3d at 1052.

Moreover, dismissal with prejudice is warranted because the state court found that Plaintiffs brought their case "solely or primarily for delay or harassment." Minute Entry, *Hendrix v. Homecomings Financial Network Inc.*, CV2008-017419 (Sept. 18, 2009).

## IV. Rule 41(b).

Rule 41(b) enables a defendant to seek dismissal of an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court[.]" Fed. R. Civ. P. 41(b); *see Fid. Philadelphia Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978) (a plaintiff has the general duty to prosecute his case). Defendants in this case have moved for dismissal on this ground. The Court concludes that Plaintiffs' unsuccessful state cases, failures to follow orders in this Court, and repeated failures to state a claim amount to a failure to prosecute. In determining whether dismissal is warranted under Rule 41(b), a district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). Given the lengthy and unsuccessful history of this litigation, the first three factors clearly favor dismissal with prejudice. The fourth factor, as always, weighs against dismissal. The Court has considered less drastic alternatives, but Plaintiffs already have had at least four different opportunities to state their claim. Their repeated failure to do so convinces the Court that the only possible less drastic alternative – dismissal with leave to amend – is not warranted.

## V. Request for Attorneys' Fees.

All Defendants request attorneys fees pursuant to Federal Rule of Civil Procedure 11. Under Rule 11, however, a "motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Defendants have failed to file a separate motion for sanctions and have failed to explain what conduct by Plaintiffs warrants sanctions under Rule 11. Moreover, in a case such as this, where Plaintiffs are appearing pro se, "the court must take into account" that status in determining "whether the filing was reasonable" and whether sanctions are warranted. *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994). The Court will not grant the request for sanctions under Rule 11.

Two Defendants, Bosco and Tiffany & Bosco, have requested attorneys' fees pursuant to A.R.S. § 33-807(E). Under that statute, a trustee should "only be joined as a party in legal actions" if the trustee is alleged to have breached its obligations under Arizona trustee law or under the deed of trust. A.R.S. § 33-807(E). The statute further states that if a "trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees." *Id.* In this case, Plaintiffs have not alleged or explained how Bosco, as Trustee, breached his obligations under the Deed or under Arizona law pertaining to trustee's duties. As a result, he is entitled to dismissal and to attorneys' fees under Arizona law. *Id.* The Court disagrees, however, that Tiffany & Bosco is entitled to attorneys' fees under A.R.S. § 33-807(E), as the firm was not named as a trustee. Dkt. #28-1 at 52. Bosco may file an application for his attorneys' fees and costs in this matter by **May 7, 2010**. The application shall include all briefing and supporting materials. Plaintiffs shall file a response by **May 21, 2010**, which shall also set forth all briefing and supporting materials.

**IT IS ORDERED:**

1. Defendants' motion to dismiss (Dkt. #31) which was joined by all Defendants (Dkt. #32) is **granted**.

2. Defendant Bosco and Plaintiffs shall brief the question of attorneys' fees as set

- 8 -

forth above.

3. The Clerk of Court shall terminate this action.

DATED this 20th day of April, 2010.

*David G. Campbell*
United States District Judge